**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DONNIE PRATOLA, | : | Civil No. 08-2417 (NLH) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| THOMAS SULLIVAN, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

> DONNIE PRATOLA, #66645/598645
> Bayside State Prison
> P.O. Box F-1
> Leesburg, New Jersey 08327
> Petitioner Pro Se
>
> CHRISTOPHER C. JOSEPHSON, Deputy Attorney General
> ANNE MILGRAM, ATTORNEY GENERAL OF NEW JERSEY
> Division of Criminal Justice, Appellate Bureau
> P.O. Box 112
> Trenton, New Jersey 08625
> Attorneys for Respondents

**HILLMAN**, District Judge

Donnie Pratola ("Petitioner") filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a June 21, 2006, decision of the New Jersey State Parole Board (the "Board") denying release on parole and imposing a 36-month future eligibility term. Respondents filed an Answer, accompanied by the record and a motion to seal certain exhibits. Petitioner opposes the motion to seal and filed a motion for an evidentiary hearing and to compel discovery. For the reasons expressed

below, the Court will dismiss the Petition with prejudice, deny the pending motions, and deny a certificate of appealability.

## I.   BACKGROUND

On May 18, 1981, after a jury convicted Petitioner of murder, felony murder, breaking and entering, attempted robbery, and other offenses, the Superior Court of New Jersey, Law Division, Essex County, imposed a life sentence for murder and a consecutive term of incarceration of 17 years, see State v. Pratola, Indictment No. SGJ 2-80 j. of conviction (N.J. Super. Ct., Law Div., May 18, 1981).[1]  On June 10, 1982, pursuant to a guilty plea, the Law Division, Essex County, sentenced Petitioner on the charge of conspiracy to unlawfully transfer firearms to an 18-month term of incarceration, to run concurrently to the first sentence.  See State v. Pratola, Indictment No. SGJ 2-79 j. of conviction (N.J. Super. Ct., Law Div., June 10, 1982).  Also on June 10, 1982, pursuant to a guilty plea, the Law Division sentenced Petitioner to concurrent four-year terms for conspiracy and five counts of distribution of controlled dangerous substances.  See State v. Pratola, Indictment No. SGJ 3-79 j. of conviction (N.J. Super. Ct., Law Div., June 10, 1982).

---

[1] In 2006, Petitioner filed a § 2254 petition challenging a prior denial of parole on July 30, 2003.  See Pratola v. N.J. State Parole Bd., Civil No. 05-1722 opinion (FLW) (D.N.J. Mar. 2, 2006).  On March 2, 2006, Judge Wolfson denied habeas relief on the merits.  Some of the historical facts set forth in this Opinion are taken from Judge Wolfson's Opinion.

On December 8, 1999, a three-member panel of the New Jersey State Parole Board denied Petitioner's parole and imposed an 84-month future eligibility term, after the Appellate Division of the Superior Court of New Jersey ordered the Parole Board to consider Petitioner for parole.  On February 22, 2002, the parole board panel granted Petitioner a reduction from his future eligibility term for exceptional progress.

Petitioner's next parole eligibility hearing occurred before a panel on February 3, 2003.  The panel denied parole based on a finding that a substantial likelihood existed that Petitioner would commit a new crime if released on parole and referred the case to a three member panel for the establishment of a future eligibility term that may be in excess of administrative guidelines.  On April 2, 2003, the panel denied Petitioner's requests for reconsideration.  On May 7, 2003, a three member panel denied parole and imposed a 36-month future eligibility term.  On July 30, 2003, the full Board affirmed.  Petitioner appealed to the state courts, and in an opinion filed on October 12, 2004, the Superior Court of New Jersey, Appellate Division, affirmed the Board's July 30, 2003, decision.  See Pratola v. N.J. State Parole Bd., No. A-0304-03T1 slip op. (N.J. Super. Ct., App. Div., Oct. 12, 2004).  On February 16, 2005, the New Jersey Supreme Court denied certification.  See Pratola v. N.J. State Parole Bd., 182 N.J. 629 (2005) (table).

Petitioner challenged the aforesaid denial of parole in a § 2254 petition filed in this Court on March 17, 2005, arguing that the Parole Board denied due process by using inaccurate information, by failing to consider the mental health reports for Petitioner, by conducting an <u>in absentia</u> hearing, and by denying parole without sufficient evidence.  <u>See</u> <u>Pratola v. N.J. State Parole Bd.</u>, Civ. No. 05-1722 (FLW) opinion at pp. 4-5 (D.N.J. Mar. 2, 2006).  In an opinion filed March 2, 2006, Judge Wolfson denied relief, holding that this Court lacked jurisdiction over two grounds because they did not assert federal claims and rejecting the due process claims on the merits.

On November 3, 2004, the Board again denied parole and established a 36-month future eligibility term.  On January 18, 2006, the Appellate Division again affirmed the denial of parole. <u>See</u> <u>Pratola v. New Jersey State Parole Bd.</u>, Docket No. A-2004-04T2, 2006 WL 120180 (N.J. Super. Ct., App. Div., Jan. 18, 2006).[2]

The final administrative decision involved in the present § 2254 Petition arose from Petitioner's May 21, 2006, eligibility date.  On June 21, 2006, a panel issued a decision denying parole and imposing a 36-month future eligibility term, based on an

---

[2] Petitioner argued, in part, that the Parole Board denied parole based on inaccurate information regarding charges that were dismissed in 1976.  <u>See</u> <u>Pratola v. N.J. State Parole Bd.</u>, 2006 WL 120180 at *1.

4

increasingly more serious criminal record, Petitioner's conviction for multiple offenses, and Petitioner's lack of insight into criminal behavior and minimization of wrongdoing. (Docket entry #36 at p. 67.)  On June 21, 2006, the full board affirmed the panel recommendation.  (Id. at p. 68.)  Petitioner moved for reconsideration, arguing in part that a panel member had questioned Petitioner based on inaccurate information regarding a 1959 offense and sentence.  (Id. at pp. 69-87.)  In an opinion dated December 21, 2006, the Board denied Petitioner's request for reconsideration of the Board's June 21, 2006, determination to deny parole and impose a 36-month future eligibility term.  (Docket entry #36 at pp. 92-94.)

 Petitioner filed a notice of appeal to the Appellate Division, as well as a motion to compel the production of free transcripts of the parole hearings, arguing that "the Full Board . . . used <u>inaccurate information</u> that is contained on the record that would prove the Board <u>erred</u> with a material fact, being <u>arbitrary</u> and <u>capricious</u> in their ruling to recommend Plaintiff of a Parole date." (Docket entry 8-2 at p. 9.)  Petitioner also filed in the Appellate Division a motion to settle the record, again arguing that the Board relied on inaccurate information, <u>i.e.</u>, when Pratola "appeared before the Full Parole Board Panel, Ms. Yolette Ross, a panel member used <u>inaccurate</u> information when she questioned Plaintiff, Pratola <u>vigorously</u> about beating a man

5

to death with a baseball bat in 1959 and was sentenced to an indeterminate sentence at Bordentown Reformatory from <u>1959</u> to <u>October of 1980</u>, being <u>arbitrary</u> and <u>capricious</u> in her ruling before the Full Member Parole Board on <u>June 21, 2006</u> . . . . Pratola tried to explain that panel member, Yolette Ross was using <u>inaccurate</u> <u>information</u> when deciding Plaintiff's Panel Hearing; but, Ms. Ross was determined, and stated that Plaintiff-Appellant, Pratola was lying to the Full Panel Members."  (Docket entry #8-2 at p. 14.)

In an order filed October 1, 2007, the Appellate Division denied the motion to settle the record, denied the motion to supplement the record, and denied the motion to compel production of free transcripts.  (Docket entry #36 at p. 109.)  On February 5, 2008, the Appellate Division denied Petitioner's motion for assignment of counsel.  (<u>Id.</u> at p. 115.)  Petitioner filed a notice of appeal to the New Jersey Supreme Court, arguing:

> At the Full-Board Parole Hearing of June 21, 2006, a panel member, Ms. Ross, <u>used inaccurate information</u> which caused an adverse decision, and cost Petitioner his fourth new (F.E.T) of thirty-six (36) months at that time.  Ms. Ross questioned Petitioner vigorously about beating a victim with a baseball bat in October of 1959, and sentenced Petitioner to an indeterminate sentence whereas Petitioner was released from the Bordentown Reformatory in October of 1980.  This was <u>inaccurate information</u> - Petitioner only received a 2-Year Probation for that charge, and was released/dismissed from probation with improvement.  This caused all panel members to have an adverse ruling

> on Petitioner's parole release at that time .
> . . . Ms. Ross <u>distorted</u> the facts with her
> <u>inaccurate information</u> which she used to
> cause an adverse ruling by the entire Full
> Panel on June 21, 2006. This is exculpatory
> material of the sort that would reverse
> Petitioner's parole hearing of June 21, 2006.
>
> Ms. Yolette Ross used <u>inaccurate</u> information
> when she questioned Petitioner, Pratola
> vigorously about beating a man to death with
> a baseball bat in 1959; that never did in
> fact happen, other than Petitioner receiving
> a two (2) year probation for a mere fight
> between two teenagers half a Century ago.

(Docket entry #8-2 at pp. 22-23.)

On April 3, 2008, the New Jersey Supreme Court denied relief. (Docket entry #36 at p. 117.)

On May 5, 2008, Petitioner executed the § 2254 Petition presently before this Court. The Clerk received it on May 16, 2008. By Order filed August 22, 2008, this Court: (1) construed the Petition as challenging the June 21, 2006, denial of parole by the Board on one ground, <u>i.e.</u>, the denial of parole violates due process because it was based on inaccurate information regarding a prior conviction; (2) notified Petitioner of his rights pursuant to <u>Mason v. Meyers</u>, 208 F. 3d 414 (3d Cir. 2000); (3) gave Petitioner an opportunity to show why the Petition should not be dismissed as unexhausted; and (4) gave Petitioner an opportunity to file an amended petition including all available federal claims. (Docket entry #5.) Petitioner responded that he "has appealed and exhausted his Remedies in the

7

Appellate Division and State Supreme Court of New Jersey pursuant to his Interlocutory Appeals which were denied with no probable cause." (Docket entry #8 at p. 2.) Petitioner also submitted copies of documents he filed in the Appellate Division and the New Jersey Supreme Court, which indicate that Petitioner presented his claim that the Board violated his rights by using inaccurate information to deny parole. (Docket entry #8-2 at pp. 3, 14.) On that basis, this Court ordered Respondents to file an answer and the record. (Docket entry #9.)

Respondents filed an Answer (docket entry #15), arguing that the Petition should be dismissed as unexhausted, procedurally defaulted or on the merits. Respondents filed a motion to seal certain documents (docket entry #37), and Petitioner filed a Reply, a motion for an order denying the motion to seal, a motion for an evidentiary hearing, and a motion to compel discovery.[3] (Docket entry nos. 38, 43, 50.)

## II.  STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives this Court jurisdiction to entertain a habeas petition brought by a person in custody pursuant to a state court judgment:

> [A] district court shall entertain an
> application for a writ of habeas corpus in

---

[3] The parties have also filed in excess of 21 letters.  This Court emphasizes that neither the Rules Governing Section 2254 Cases nor the Federal Rules of Civil Procedure authorizes litigation by letter.

>           behalf of a person in custody pursuant to the
>           judgment of a State court only on the ground
>           that he is in custody in violation of the
>           Constitution or laws or treaties of the
>           United States.

28 U.S.C. § 2254(a).  See Coady v. Vaughn, 251 F. 3d 480, 485 (3d Cir. 2001) (jurisdiction to entertain state prisoner's habeas petition challenging denial of parole lies under § 2254, rather than § 2241).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits.  See 28 U.S.C. § 2254(d).  "A state court decision is an 'adjudication on the merits,' reviewed under the deferential standard of § 2254(d), where it is 'a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.'"  Simmons v. Beard, 581 F. 3d 158, 166 (3d Cir. 2009) (quoting Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004), rev'd on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005) (internal quotation marks and citation omitted)); see also Rolan v. Vaughn, 445 F. 3d 671, 678 (3d Cir. 2006).  A state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever.  See Rompilla, 355 F.3d at 247.  However, "[i]f the petitioner's legal

9

claims were presented but not addressed by the state courts, 28 U.S.C. § 2254(d) does not apply, and federal courts undertake a de novo review of the claim." Rolan, 445 F. 3d at 678.

Where a federal claim was "adjudicated on the merits" in state court proceedings, the § 2254(d) standard governs the power to grant relief:

> (d) An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000); see also Carey v. Musladin, 549 U.S. 70, 74 (2006); Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result."  Williams, 529 U.S. at 405-06.  See also Thomas v. Carroll, 581 F. 3d 118, 124 (3d Cir. 2009) (State court's determination was not contrary to federal law, as required for habeas relief, where Supreme Court never faced the precise issue presented in the case).  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 413.[4]

### III.  DISCUSSION

This Court construes Petitioner's submissions as presenting two potential claims: (A) denial of free transcripts of the relevant hearings before the Board violates Petitioner's procedural due process rights, and (2) use of inaccurate

---

[4] See also Wright v. Van Patten, 552 U.S. 120, ___, 128 S. Ct. 743, 747 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law") (citation and internal quotation marks omitted).

11

information to deny parole violates Petitioner's substantive due process rights. To the extent that Petitioner's claims are unexhausted and/or procedurally defaulted, this Court will deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2), which provides: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." See Taylor v. Horn, 504 F. 3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of Taylor's claims on the merits, we need not address exhaustion"); Bronshtein v. Horn, 404 F. 3d 700, 728 (3d Cir. 2005) ("We would permit Bronshtein to attempt on remand to establish a reason to excuse his procedural default, but we find it unnecessary to do so because it is apparent that the claims in question lack merit. Under 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here").

A.  Procedural Due Process

Petitioner asserts that the denial of free transcripts of his hearings before the Board with respect to the June 21, 2006, decision violated his rights because, in the absence of the transcripts, he has not been able to properly mount his challenge to the decision denying parole, which challenge is based on use of inaccurate information.

12

The Due Process Clause applies when government action deprives a person of a protected liberty or property interest. See Greenholtz v. Inmate of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Liberty interests protected by the Due Process Clause may arise from the Due Process Clause itself or from the laws of the states. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995). The Supreme Court held in Greenholtz that an inmate has no liberty interest arising by force of the Due Process Clause itself in being released on parole prior to the expiration of his sentence. See Greenholtz, 442 U.S. at 7.

Assuming without deciding that New Jersey law creates a liberty interest in the expectancy of parole release at the time of eligibility, absent the requisite finding that one of the justifications for deferral exists, see Greenholtz, 442 U.S. at 8-16, Petitioner is not entitled to habeas relief in this case because Petitioner received the process that was due.

In Greenholtz, the Supreme Court recognized that Nebraska had created a liberty interest in the expectancy of parole release, but held that Nebraska had provided procedural due process by requiring (1) notice of the parole eligibility hearing, (2) an opportunity for the inmate to appear at the eligibility hearing and present statements and letters on his own behalf, and (3) a statement informing him why parole was denied. See Greenholtz, 442 U.S. at 14-16. Here, Petitioner does not

claim lack of notice of the parole eligibility hearing, or denial of the opportunity to appear at the hearing and present statements and letters on his own behalf, or the absence of a statement informing him why parole was denied. Rather, the sole basis for Petitioner's procedural due process claim is the failure to provide free transcripts of the hearings before the panel and Board. Because due process does not require the state to provide a free transcript, Petitioner's procedural due process claim fails and he is not entitled to habeas relief on this ground.

B.  Substantive Due Process

Petitioner also argues that the use of inaccurate information regarding a prior conviction and sentence in 1959 by a member of the Board at the June 21, 2006, Board proceeding violated his due process rights. Petitioner contends:

> Certain Panel Members questioned Petitioner, Pratola about a 1959 charge, where Petitioner, Pratola beat another teenager half to death with a baseball bat and was incarcerated in Prison/Bordentown from 1959 to 1980, serving an indeterminate sentence.
>
> This material was inaccurate information used by the Full Board on 6-21-06; whereas, the Full Board turned a fight amongst two teenagers [in 1959] into an attempted murder charge.
>
> Petitioner, Pratola received Two Year's Probation and was Discharged with Improvement after serving eighteen (18) months on Probation in 1962/63.

14

>           This line of questioning caused an adverse
>           affect on all Full Board Members which caused
>           the Full Board to give Petitioner, Pratola
>           his fourth (4th) new F.E.T. (Future
>           Eligibility Term) of thirty-six (36) months.

(Docket entry #38 at p. 3.)

"[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful governmental actions regardless of the fairness of the procedures used to implement them."  Foucha v. Louisiana, 504 U.S. 71, 80 (1992).  As the Supreme Court explained,

>           Our cases dealing with abusive executive
>           action have repeatedly emphasized that only
>           the most egregious official conduct can be
>           said to be arbitrary in the constitutional
>           sense . . . .  To this end, for half a
>           century now we have spoken of the cognizable
>           level of executive abuse of power as that
>           which shocks the conscience.

County of Sacramento v. Lewis, 523 U.S. 833, 847-48 (1998) (citations and internal quotation marks omitted).

Applying this standard, the United States Court of Appeals for the Third Circuit rejected substantive due process challenges to state parole board decisions in Coady v. Vaughn, 251 F. 3d at 487, and Hunterson v. DiSabato, 308 F. 3d 236, 246-47 (3d Cir. 2002).  In Coady, the prisoner insisted that the decision of the Pennsylvania Board of Probation and Parole violated substantive due process because the board used constitutionally impermissible criteria to deny parole, applied erroneous descriptions of the conduct underlying his offense, and considered false information.

15

The Third Circuit rejected Coady's claims on the grounds that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."  Coady, 251 F. 3d at 487.

In Hunterson v. DiSabato, the Third Circuit reversed an order granting the writ to a New Jersey inmate who claimed that a parole board decision imposing a five-year future eligibility term was arbitrary, capricious, and an unreasonable abuse of discretion.  As the Third Circuit explained,

> this type of constitutional challenge to a state [parole] proceeding is not easily mounted.  We have made clear that the federal courts, on habeas review, are not to second-guess parole boards, and the requirements of substantive due process are met if there is some basis for the challenged decision . . . .  The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times conscience shocking or deliberately indifferent.

Hunterson, 308 F. 3d at 246-47 (citations and internal quotation marks omitted).

In this case, the June 21, 2006, Board decision establishes that the Board denied parole and imposed a 36-month future eligibility term based on the following reasons:  "Prior criminal record noted;" Nature of criminal record increasingly more serious;" "Presently incarcerated for multi-crime conviction;"

16

"Prior opportunit(ies) on probation has failed to deter criminal behavior;" and "Insufficient problem(s) resolution. Specifically, Lack of insight into criminal behavior [and] Minimizes conduct." (Docket entry #36 at p. 67.)  The record demonstrates that there was "some basis" for the Board's decision.  The Board also issued a written opinion explaining its reasons in response to Petitioner's motion for reconsideration.  The opinion expressly rejects Petitioner's claim that it relied on inaccurate information:

> The issues you submitted were presented to the full Board at its meeting, conducted on December 20, 2006.  During the consideration of your claims, the full Board determined that it appropriately considered the aggregate of all relevant material facts, pursuant to N.J.A.C. 10A:71-3.11, including all psychological evaluations included in your file and fully documented and supported its reasons for denying parole . . . .  There is no evidence that the Board's decision was arbitrary, capricious or based on "gut feeling."  Contrary to what you contend, the Board's decision was clearly based on factual information.
>
> In regard to your allegation that the Board considered inaccurate information, upon review of the tape recording of the hearing, it was found that a Panel member questioned you about your prior record.  You were afforded an opportunity to rebut this evidence.  The record shows that your explanation was accepted and therefore the Board did not consider misinformation.
>
>        *               *             *
>
> [T]he Board was also obligated to consider that you do have a prior offense record,

> which has increased in seriousness, and you are presently incarcerated for a multi-crime conviction. The Board also noted that prior probation supervision did not act to deter you from committing the present offenses. Based upon your response to questions posed to you at your hearing, the Board concluded that you lack insight into the causes of your criminal behavior and minimize your conduct. Finally, it is noted in the Board's Notice of Decision that its decision is supported by a confidential professional report, which played a role in the decision . . . .
>
> Based on a consideration of the facts cited above, the full Board has determined that it has documented, by a preponderance of the evidence, that there is a substantial likelihood that you would commit a crime if released on parole at this time. Accordingly, the full Board has elected to affirm its June 21, 2006 decision to deny parole and establish a thirty-six (36) month future parole eligibility term.

(Docket entry #36 at pp. 92-94.)

Like the June 21, 2006, decision, the opinion denying reconsideration, in conjunction with the record, establishes that there was "some basis for the challenged decision." Coady, 251 F. 3d at 487. Petitioner has not shown that the Board's decision shocks the conscience or that the Board was deliberately indifferent to the facts. This Court holds that the Board did not violate Petitioner's substantive due process rights when it denied parole and imposed a 36-month future eligibility term. Petitioner is therefore not entitled to habeas relief based on the alleged use of inaccurate information. See Hunterson, 308 F.3d at 247-48.

C.  Motions

Respondents filed a motion (docket entry #37) for an order sealing Petitioner's Face Sheet Report and a Pre-Parole Medical report dated November 23, 2005, on the grounds that these documents contain Petitioner's private information, i.e., his social security number, the name and address of his emergency contact, and his medical information.  On October 2, 2009, Petitioner filed a motion for an order denying the motion to seal.

Rule 5.2 of the Federal Rules of Civil Procedure governs the Privacy Protection for Filings Made with the Court.  See Fed. R. Civ. P. 5.2.  The Rule provides for the redaction of filings containing an individual's social security number, birth date, taxpayer identification number or the name of a minor, but allows a person to waive the protection of the rule as to the person's own information.  See Fed. R. Civ. P. 5.2(h).  Petitioner's motion seeking an order denying the sealing of documents containing his private information demonstrates that he is waiving the protections of Rule 5.2.  This Court will deny Respondents' motion (docket entry #37) to seal on that basis, and deny Petitioner's motion (docket entry #43) for an order denying the motion to seal as moot.

This Court will deny Petitioner's motion (docket entry #38) for an evidentiary hearing and his motion (docket entry #50) to

19

compel discovery as moot, since this Court has denied the Petition on the merits.

D.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus, denies the pending motions, and denies a certificate of appealability.


　　　　　　　　　　　　　　　　　　 /s/ NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　**NOEL L. HILLMAN, U.S.D.J.**

Dated:   January 14, 2010

At Camden, New Jersey

20